IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID LEE SMITH,
        Plaintiff,

vs.                               Case No. 4:05cv292/MMP/EMT

STATE OF FLORIDA, et al.,
        Defendants.
_____

**REPORT AND RECOMMENDATION**

        This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 21).[1]  The filing fee has been paid.

        Because Plaintiff is an inmate seeking redress from a governmental entity or officer or employee of a governmental entity, the court is required to dismiss the case at any time if it determines that the complaint is "(1) frivolous, malicious; or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915A.  Upon review of the amended complaint, it appears that this case should be dismissed as malicious.  Section IV.B of the civil rights complaint form asks "Have you initiated other actions in **federal court** dealing with the same or similar facts/issue involved in this action?" (Doc. 21 at 6) (emphasis in original).  Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes," and then listed one federal case (8:05cv125 (M.D. Fla.)).  On page 6B, an attached page, Plaintiff listed three additional cases (8:05cv1384 (M.D. Fla.), 8:05cv884 (M.D. Fla.), and 6:05cv1085 (M.D. Fla.)).  Section IV.C. of the complaint

---

[1] Plaintiff initiated this case by filing a complaint in the Middle District of Florida on July 20, 2005 (Doc. 5, complaint at 5).  The case was subsequently transferred to the Northern District of Florida because Plaintiff sued all United States District Judges in the Tampa division of the Middle District (*see* Doc. 5, order).  Plaintiff's amended complaint was filed with this court on December 6, 2005 (Doc. 21 at 66).

form asks "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 21 at 7) (emphasis in original). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "yes," and then listed one federal case (8:05cv873 (M.D. Fla.)) (*id.*). Thus, Plaintiff has in effect stated that he has initiated no other lawsuits in federal court that otherwise relate to his imprisonment. Section IV.D. of the civil rights complaint form asks "Have you ever had any actions in federal court dismissed as frivolous, . . . or prior to service? Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "no" (*id.*). Thus, Plaintiff has in effect stated that he has initiated no other lawsuits in federal court that were dismissed prior to service. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*id.* at 66).

Upon review of the file, this court takes judicial notice that as of the date Plaintiff filed the instant complaint, he had previously filed Case No. 8:05cv219/RAL/TGW[2] in the United States District Court for the Middle District of Florida. Further review reveals that the aforementioned case certainly deals with Plaintiff's imprisonment, as Plaintiff named the Polk County Jail as a defendant, and complained of inadequate law library facilities at the jail, interference with his right to access the courts, and substandard medical care at the jail (*see* Case No. 8:05cv219/RAL/TGW (Doc. 1)). The case was dismissed prior to service by United States District Judge Richard A. Lazzara on February 2, 2005 (*see id.* (Doc. 4)). Plaintiff did not identify Case No. 8:05cv219 on the original or amended complaint in the instant action.

The information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes"

---

[2]The inmate number of the plaintiff in this case (049294) is the same as Plaintiff's. Additionally, the complaint in Case No. 8:05cv219/RAL/TGW was filed on or about January 4, 2005 (*see* Doc. 1 at 8).

Case No.: 4:05cv292/MMP/EMT

provision of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g). The information also helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.

By his untruthful answers, Plaintiff has inhibited the efficiency of the court in making these determinations. Plaintiff has affirmatively misrepresented the facts to this court. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. And, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice. Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

1. That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1).

2. That Plaintiff's Motion for Preliminary Injunction (Doc. 26) be **DENIED as moot**.

At Pensacola, Florida, this 5th day of January 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**